FILED
2018 MAR 12 PM 2:26
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BOARD OF REGENTS, THE UNIVERSITY OF TEXAS SYSTEM, AND TISSUEGEN, INC., PLAINTIFFS, | § | |
| V. | § | CAUSE NO. A-17-CV-1103-LY |
| BOSTON SCIENTIFIC CORP., DEFENDANT. | § | |

**ORDER**

Before the court are Defendant Boston Scientific Corporation's Motion to Dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(3) filed February 1, 2018 (Doc. #11); Plaintiffs' Response in Opposition to Motion to Dismiss filed February 15, 2018 (Doc. #14); and Defendant Boston Scientific Corporation's Reply in Support of its Motion to Dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(3) filed February 22, 2018 (Doc. #16). Defendant Boston Scientific Corporation ("Boston Scientific") alternatively seeks transfer pursuant to Section 1400(b) of Title 28 of the United States Code. Having considered the motion, response, and reply, the court will grant the motion in the alternative and transfer the cause to the United States District Court for the District of Delaware for the reasons stated below.

Plaintiffs filed suit against Boston Scientific on November 20, 2017, alleging infringement of United States Patent Nos. 6,596,296 and 7,033,603 ("the asserted patents"). Plaintiffs claim that Boston Scientific infringed the asserted patents through the manufacture and sale of a range of coronary stent systems. Plaintiffs' complaint states that Boston Scientific is incorporated in the State of Delaware and headquartered in Boston, Massachusetts.

Boston Scientific does not own or lease any property in the Western District of Texas and does not maintain any business address in the Western District of Texas. Boston Scientific has approximately 46 employees in the Western District of Texas, all of whom maintain home offices and do not work in locations that are owned, leased, or otherwise controlled by Boston Scientific.

A defendant may request dismissal where venue is improper in the District where the case is filed. *See* FED. R. CIV. P. 12(b)(3). The patent venue statute, 28 U.S.C. § 1400(b), is the "sole and exclusive provision controlling venue in patent infringement actions." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, ___ U.S. ___, 137 S. Ct. 1515–19 (2017).

"Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The term "resides" refers only to a defendant's state of incorporation. *See TC Heartland*, 137 S. Ct. at 1519.

Whether a defendant has a "regular and established place of business" has three general requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Although Boston Scientific has 46 employees working in the Western District of Texas, they all work from home. Because Boston Scientific does not own or lease a place of business in the Western District of Texas and does not operate or otherwise control its employees' homes, the court finds that Boston Scientific does not maintain a "regular and established place of business" in the Western District of Texas. *See id.* at 1365 (finding venue improper in district where defendant's employees merely worked from home).

In response, Plaintiffs assert that "[b]ecause this court has personal jurisdiction over Boston Scientific, venue considerations related to convenience or other factors cannot overcome The Board of Regents' sovereign right to control the forum for this dispute." The court disagrees. Sovereign immunity is a shield; it is not meant to be used as a sword. "The Eleventh Amendment applies to suits 'against' a state, not suits by a state." *Regents of the Univ. of California v. Eli Lilly & Co.*, 119 F.3d 1559, 1564–65 (Fed. Cir. 1997), *cert. denied*, 523 U.S. 1089 (1998).[1] This case does not create an Eleventh Amendment jurisdictional issue where the question of sovereign immunity even arises. Plaintiffs have asserted patent-infringement claims against Boston Scientific. There is no claim or counterclaim against The Board of Regents that places it in the position of a defendant. *See id.* at 1565. "[W]here a state voluntarily become [sic] a party to a cause, and submits its rights for judicial determination, it would be bound thereby, and cannot escape the result of its own voluntary act by invoking the prohibitions of the 11th Amendment." *Gunter v. Atlantic Coast Line R.R.*, 200 U.S. 273, 284 (1906) (*citing Clark v. Barnard*, 108 U.S. 436, 477 (1883)).

Section 1400(b) provides that venue is proper where a corporation is incorporated. Boston Scientific is incorporated in the District of Delaware. Venue is proper in the District of Delaware. "Section 1406 of Title 28 is addressed to a case in which venue has been laid in an improper district. It authorizes either a dismissal on that ground or, if the court finds that the interest of justice would be served by a transfer, then a transfer instead." 28 U.S.C. § 1406, Commentary on 1996 Amendment of Section 1406 (West 2006). "The decision whether a transfer or dismissal is in the interest of justice rests within the sound discretion of the district court." *Naartex Consulting Corp.*

---

[1] In a patent suit, "the question of Eleventh Amendment waiver is a matter of Federal Circuit law." *Regents of Univ. of N.M. v. Knight*, 321 F.3d 1111, 1124 (Fed. Cir. 2003).

*v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Transfer is typically considered more in the interest of justice than dismissal. Therefore,

**IT IS ORDERED** that Defendant Boston Scientific Corporation's Motion to Dismiss Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(3) filed February 1, 2018 (Doc. #11) is **GRANTED TO THE FOLLOWING EXTENT**: the above-styled cause of action is **TRANSFERRED** to the United States District Court for the District of Delaware.

SIGNED this 12th day of March, 2018.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE